AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**District of Minnesota**

UNITED STATES OF AMERICA
v.
**DARRYL LAMONT DAVIS**

## AMENDED
**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **01-227 (1) (JRT)**
USM Number: **10070-041**
Social Security Number: 1168
Date of Birth: 1977

Richard H. Kyle
Defendant's Attorney

## THIS JUDGMENT IS AMENDED ON PAGE 2.

THE DEFENDANT:

[**x**] pleaded guilty to count **1 of the indictment**.
[] pleaded nolo contendere to counts(s) which was accepted by the court.
[] was found guilty on count(s) after a plea of not guilty.
The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 841(b)(1)(A) | Possession with Intent to Distribute Cocaine Base | 07/09/2001 | 1 |

Special Assessment Amount **$100.00** in full and immediately

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the economic circumstances.

**March 16, 2005**
Date of Imposition of Judgment

s/ John R. Tunheim
Signature of Judge

**JOHN R. TUNHEIM**, United States District Judge
Name & Title of Judge

**March 25, 2005**
Date

DEFENDANT: DARRYL LAMONT DAVIS
CASE NUMBER: 01-227(1) JRT

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **17 months – credit to begin on August 18, 2004. It is the intent of this Court that defendant's release date will be in November 2005, barring any disciplinary action resulting in the loss of good time.**

[**x**] The court makes the following recommendations to the Bureau of Prisons:

**1) The Court requires that the defendant not be returned to the Federal Correctional Institution in Oxford, Wisconsin, due to concerns regarding defendant's own safety at that facility.**

**2) Defendant shall be predesignated to serve his term of imprisonment at a federal facility in Minnesota, either Sandstone or Waseca**

[**x**] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] at on .
[] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on____________________ to ____________________________

a ________________________, with a certified copy of this Judgment.

____________________________
United States Marshal

By ____________________________
Deputy United States Marshal

DEFENDANT: DARRYL LAMONT DAVIS
CASE NUMBER: 01-227(1) JRT

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[**x**] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DARRYL LAMONT DAVIS
CASE NUMBER: 01-227(1) JRT

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

e The defendant shall participate in a program for drug abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group.

f The defendant shall not associate with any member, prospect, or associate member of the Family Mob street gang, or any other gang. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of the Family Mob street gang, or any other gang, the Court will presume that this association was for the purpose of participating in gang activities.