UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-227 (JRT/FLN)

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) **ORDER OF DETENTION**
)
DARRYL LAMONT DAVIS, )
)
Defendant. )

This matter came before the Court on February 7, 2007, for an initial appearance on allegations that the defendant had violated the terms and conditions of his supervised release. The defendant was present and represented by Assistant Federal Defender Scott Tilsen. The United States was represented by Assistant United States Attorney Nicole Engisch, appearing for Assistant United States Attorney David Steinkamp.

Following the initial appearance, after being advised of his rights and of the nature of the alleged violation of supervised release set forth in the Petition on Supervised Release filed by the United States Probation Office, the defendant has waived his right to a preliminary hearing. He has also waived his right to a detention hearing and acceded to the motion of the United States that he be detained pending the final revocation hearing. The Court thus concludes that there is probable cause to believe that a supervised release violation has occurred. The Court further grants the government's motion for detention.

Based upon the defendant's admission and upon the records in this case, the Court makes the following conclusions of law:

1. There is probable cause to believe that the defendant violated the conditions of supervised release as set forth in the Petition on Supervised Release filed most recently in this matter by the United States Probation Office.

2. Pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3143(a), the defendant has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. Thus, the Court concludes that there is no condition or combination of conditions of bond that will reasonably ensure the safety of the community and the defendant's appearance in court. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3. The defendant shall be afforded reasonable opportunity to consult privately with a lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in

which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with further court proceedings.

DATED: February 8, 2007

s/Susan Richard Nelson
Susan R. Nelson
United States Magistrate Judge